UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD ADDISON MANZANO,

Plaintiff,

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC,

Defendant.

1:24-CV-0500 (LTS)

ORDER DIRECTING PAYMENT OF
FEES OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Donald Addison Manzano brings this action *pro se*. To proceed with a civil action in this court, a plaintiff must either pay $405 in fees – a $350 filing fee plus a $55 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a completed and signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

"The ability to proceed IFP is a privilege provided for the benefit of indigent persons." *Cuoco v. BOP*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal quotation marks and citation omitted). Thus, "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Id.* (internal quotation marks and citation omitted). The Court must dismiss an action in which a person applies to proceed IFP if their "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). This statutory provision "serves the purpose of preventing abuse of the judicial system by weed[ing] out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (summary order) (internal quotation marks and citation omitted, first alteration in original). The IFP statute, 28 U.S.C. § 1915, "neither requires a litigant to demonstrate absolute destitution, nor requires dismissal for inaccuracies, misstatements, or minor misrepresentations made in good

faith." *Id.* (internal quotation marks and citations omitted). Dismissal under Section 1915(e)(2)(A) is warranted, however, "where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain [IFP] status." *Id.* "[D]eliberate concealment of income in order to gain access to a court without prepayment of . . . fees" is an example of such bad faith. *Id.*

Plaintiff alleges, in his IFP application, that he is employed, but he does not list his employer's name or address, as is requested in the application, yet he indicates that he earns $4,000 per month from his unspecified employment. Plaintiff also does not fully answer another question in his IFP application that inquires about the sources and amounts of any additional income he has earned (more than $200 in the past 12 months) from sources other than his employment; he only affirmatively states, in response to that question, that any such income is not from any business, profession, or other self-employment, or from a pension, annuity, or life insurance payments. He further states that he has only $100 in cash or in a bank account, and that he owns no other assets. In addition, Plaintiff alleges that he makes monthly payments of $900 for rent, $100 for cable television, $600 for his "sister[']s car insurance," $700 for "gas,"[1] $100 for his cellular telephone, and $150 for electricity. (ECF 2, at 2.) Plaintiff also alleges that he has no financial dependents, nor any other debts or financial obligations.

Considering Plaintiff's alleged $4,000 monthly income and the abovementioned alleged monthly expenses, it appears that Plaintiff should still have, after those expenses, approximately $1,450 per month. He states, however, that he only has $100 in cash or in a bank account, and he

---

[1] Plaintiff, who alleges that he lives in an apartment in Manhattan, does not state whether "gas" is a reference to fuel for a vehicle or to fuel for heating his home and/or for cooking. He does affirmatively state, however, that he does not own a vehicle or other specified assets. (ECF 2, at 2.)

does not fully answer his IFP application's question as to his sources and amounts of non-employment income over $200 for the past 12 months.

It is unclear whether Plaintiff is unable to pay the fees to bring this action because he does not fully answer all of his IFP application's questions, specifically, those concerning: (1) the name and location of his employer; (2) the sources and amounts of any income, other than his employment income, more than $200, that he has earned in the past 12 months; and (3) any other unspecified expenses (such as food), debts, or other financial obligations that would substantially decrease the amount of money (the abovementioned $1,450 per month) that Plaintiff should have after paying those expenses, debts, and/or obligations and all of the monthly expenses mentioned in his IFP application.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $405 in fees or fully complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:24-CV-0500 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the fees to bring this action. Plaintiff should fully answer all of the questions in his amended IFP application. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1). The Court warns Plaintiff that the Court must dismiss this action if it determines that his "allegation of poverty is untrue." § 1915(e)(2)(A).

No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If he fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates

good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 5, 2024
         New York, New York

/s/ Laura Taylor Swain
_____
LAURA TAYLOR SWAIN
Chief United States District Judge